IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
ABILENE DIVISION

| | | |
|---|---|---|
| JEFFREY SHANE EADY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. |
| | ) | 1:15-CV-222-P-BL |
| UNITED STATES OF AMERICA, *et al.* | ) | |
| | ) | |
| Defendants. | ) | Assigned to U.S. Magistrate Judge |

### REPORT AND RECOMMENDATION

This case has been referred to the United States Magistrate Judge pursuant to 28 U.S.C. § 636(b) and a standing order of reference from the district court.

Plaintiff Jeffrey Sane Eady acting *pro se*, filed a civil complaint. By Order entered in this case on December 3, 2015, Plaintiff's claims in this civil action of deliberate indifference to his health and safety and any other claims alleges to have occurred at the Federal Correctional Institution in Big Spring, Texas, were transferred to this the Abilene division of this Court. By separate Order entered on January 21, 2016, this Court ordered Eady to, within twenty (20) days, pay the $ 400.00 filing and administrative fees, or file an application to proceed *in forma pauperis*. The January 21, 2016 Order expressly included the warning that "failure to timely submit the applicable fees or a fully completed application to proceed in forma pauperis within 20 days could result in the denial of the motion to proceed in forma pauperis or dismissal of the case without further notice." (doc. 8.) As of this date, Plaintiff has not filed the required IFP application or paid the applicable fees, and he has not filed any other document responsive to the Court's orders.

Rule 41(b) of the Federal Rules of Civil Procedure permits a court to dismiss an action *sua sponte* for failure to prosecute or follow orders of the court. *McCullough v. Lynaugh*, 835 F.2d 1126,

1127 (5th Cir. 1988) (§ 1983 prisoner action). This authority flows from a court's inherent power to control its docket, prevent undue delays in the disposition of pending cases, and avoid congested court calendars. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-31 (1962). Because Plaintiff Eady has failed to respond to this Court's order, the case should be dismissal under authority of Rule 41(b) for want of prosecution.

## RECOMMENDATION

For the forgoing reasons, it is **RECOMMENDED** that this case be **DISMISSED** without prejudice for want of prosecution pursuant to Federal Rule of Civil Procedure 41(b).

A copy of this Report and Recommendation shall be served on all parties in the manner provided by law.

Any party may object to this Report and Recommendation. A party who objects to any part of this Report and Recommendation must file specific written objections within fourteen (14) days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and identify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. The failure to file specific written objections will bar the aggrieved party from attacking on appeal the factual findings, legal conclusions, and recommendation set forth by the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc), *superceded by statute on other grounds,* 28 U.S.C. § 631(b)(1) (extending the time to file objections from ten to fourteen days), *as recognized*

in *ACS Recovery Servs., Inc. V. Griffin*, 676 F.3d 512, 521 n. 5 (5th Cir. 2012).

SO ORDERED.

Signed February 18, 2016.

E. SCOTT FROST
UNITED STATES MAGISTRATE JUDGE